Rup KUMAR; Basant Mala, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71143.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Mark L. Gross, Esq., Robert B. Kurzweil, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Rup Kumar and his wife, Basant Mala, Fijian nationals of Indian descent, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an Immigration Judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evi-

** This disposition is not appropriate for publication and is not precedent except as provid-

dence, *see Padash v. INS,* 358 F.3d 1161, 1165 (9th Cir.2004), we grant in part and deny in part the petition for review.

█ Substantial evidence does not support the IJ's determination that the attacks on Kumar by ethnic Fijians lacked nexus to a protected ground where Kumar credibly testified that the attackers made statements about his race during the attacks. *See Ali v. Ashcroft,* 394 F.3d 780, 785–86 (9th Cir.2005) (holding that it was error for the IJ to disregard an attacker's statements expressing he was motivated, in part, by petitioner's social group). Moreover, the IJ's finding that the persecution was entirely at the hands of disgruntled subjects of Kumar's bailiff job is not supported by the record. *See Gafoor v. INS,* 231 F.3d 645, 652 (9th Cir.2000).

Having shown past persecution, Kumar is entitled to a presumption that he will be persecuted in the future. *See* 8 C.F.R. § 1208.16(b)(1)(i); *see Chand v. INS,* 222 F.3d 1066, 1078 (9th Cir.2000). We remand this case and instruct the BIA to consider the Kumars' asylum and withholding of removal claims in light of this presumption. *See Ali,* 394 F.3d at 791.

Substantial evidence supports the IJ's denial of the CAT claim because Kumar did not establish that it is more likely than not that he will be tortured if returned to Fiji. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

█ The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision,

ed by 9th Cir. R. 36–3.

including the length of the voluntary departure period." We therefore also remand for further proceedings regarding voluntary departure.

The motion to withdraw filed by Kumar's counsel on November 13, 2006 is granted. The Clerk shall amend the docket to reflect that petitioners are proceeding pro se. Withdrawn counsel shall serve this disposition on petitioners.

**PETITION FOR REVIEW GRANTED in part and DENIED in part; REMANDED.**